## Case No. 12,485.

### SCHUESSLER v. DAVIS.

[13 O. G. 1011.]

Circuit Court, N. D. New York. May 11, 1878.

PATENTS—REISSUE—OBJECT OF—BUCKLE FASTENINGS.

1. The original patent being unnecessarily restricted, it was the object and the proper office of the reissue to correct this omission, so as to protect the patentee to the full extent of the invention.

[Cited in Loercher v. Crandal, 11 Fed. 879.]

2. It is the peculiarities of the case itself, and not of the method of fastening it to the strap, which is the valuable feature of the improvement, reissue No. 7,129.

[Cited in Loercher v. Crandal, 11 Fed. 879.]

This suit was brought [by Charles Schuessler against Charles H. Davis] for infringement of reissued patent No. 7,129, originally granted to R. Meyer, for "improved buckle fastenings." January 19, 1867, and assigned to complainant. [The original letters patent, No. 61,628, were granted January 29, 1867.] The defendant claims to manufacture under patent originally granted him September 21, 1869, and reissued March 7, 1876, No. 6,974.

A. V. Briesen, for complainant.
J. C. Hunt, for defendant.

WALLACE, District Judge. The description, as well as the drawings and model accompanying the original patent, clearly point out the invention claimed in the reissue. The improvement consists in a compact device embodying a loop, bottom plate, and buckle to be attached to a strap by rivets or an equivalent fastening. In my view, the valuable feature of the improvement does not consist in the method by which the case is fastened to the strap, but in the case itself, as forming a loop and buckle combined, and its adaptability to being fastened by various methods to the strap. In the original patent the claim did not cover the combination of the buckle with the case, or, speaking more accurately, with the bottom plate of the shell of the case. but was limited to a combination of the pins or rivets with the case. It was the object and the proper office of the

reissue to correct this omission so as to protect the patentee to the full extent of his invention. It is urged that there is want of novelty in the arrangement by which the buckle is fastened upon the bottom plate of the shell. The evidence in support of this theory is unsatisfactory, and cannot prevail against the testimony of dealers introduced by the complainant and against the presumption afforded by the complainant's patent. I am not satisfied that the means described in complainant's patent for fastening the shell to the strap are an essential feature of his device, although evidently regarded as such by the patentee. If they are, there is reason to believe that the defendant has so far improved upon this feature in his device as to have made a patentable improvement instead of employing an equivalent. In either case the complainant must rely upon the second claim for the purposes of this action. As defendant has appropriated the combination covered by that claim, there will be a decree declaring that claim infringed, and for an injunction and accounting accordingly, with costs.

[For other cases involving this patent, see Loercher v. Crandal, 11 Fed. 872; Metal Stamping Co. v. Crandall, 18 O. G. 1531.]